*375 The opinion of the court was delivered by
Poché, J.
Plaintiff resists the payment of State taxes levied against his property for the years 1884, 1885, 1886, 1887 and 1888, amounting with interests and costs to the total sum of $3604.60.
Eor the enforcement of said taxes the defendant tax collector had seized, and was proceeding to advertise for sale, certain property of plaintiff, consisting mainly of the contents of a store stocked with fruits, and of fixtures, horses and vehicles attached to said store, and also a certain steamship then moored at the port of New Orleans. Whereupon plaintiff sued out an injunction to restrain the defendant from further proceeding in the enforcement of the aforesaid taxes, on account of numerous illegalities in the assessment, and in the mode of collection adopted by the tax collector.
The defence is a general denial, coupled with a demand of 20 per cent, statutory damages. From a judgment dissolving his injunction with 20 per cent, damages, plaintiff appeals.
His contention presents the following points for discussion:
1. That the assessments are illegal, null and void, because they were made by one single assessor, instead of being subject to the action of the Board of Assessors in and for the parish of Orleans, as required by law.
2. That the assessments were not preceded by an examination by any one of the assessors of the property listed, as the law requires.
3. That the assessment rolls, on which said taxes were levied, were not legally authenticated.
4. That under the requirements of the Constitution, taxes on movable property must be collected in the same year in which the assessment is made, and that therefore the taxes levied in the years 1884,. 1885, 1886 and 1887 can not be collected in the year 1888, as attempted in this ease.
'5. That some of the property assessed-as his was not owned exclusively by plaintiff, who was joint owner of the same with others, whose names do not figure in the assessments.
6. That the seizure of a vessel as herein sought to be effected is in the nature of a proceeding in rem, which is regulated by the rules of admiralty proceedings, which, as such, is beyond the power of a State officer, and beyond the reach and scope of State legislation.
7. That in violation of the Constitution, and in disregard of the *376 statutes regulating the mode of collecting State taxes, the defendant has seized property other than that which had been assessed and on which the taxes were due.
I.
Counsel for the tax collector objected to the introduction of any evidence intended to show the illegality or insufficiency of the assessment on the ground that suits to test that question should, under the law, have been brought before the 1st of November of each year in which the respective assessments had been made.
The statutes invoked by counsel, which prescribe a limit of time for the action of tax payers, in the courts, touching the assessment of their property, have reference to suits to “ test the correctness of such assessments;” and hence they can not be construed as applying the same limit or restriction to actions or suits presenting questions of alleged radical defects in .the assessments, sufficient to operate the absolute nullity of the same.
Of such a nature is the defect presented under the first heading of plaintiff’s complaint as hereinabove classified. If the assessments, were made by a single assessor, without the action of the board, or of a quorum thereof, there has been no assessment within the purview of the law.
Hence it follows that the door was legally open to such an investigation, and that evidence on that point was properly admissible.
But the evidence offered is not sufficient to support plaintiff’s allegations on this point.
But the evidence offered is not sufficient to support plaintiff’s allegations on this point.
Plaintiff’s main reliance is on the minutes of the Board of Assessors from 1884 to 1888, both inclusive, which are in evidence in the original, and which do not show affirmatively that the assessments of his property were passed upon by the board in any one of the years involved in this case.
While it is true, as plaintiff contends, that in the parish of Orleans the assessment of all property liable to taxation must be made by the] board, composed’of seven assessors, or by at least four of them, it does not require that they shall keep minutes showing their action on each and every particular assessment.
From the immense amount of taxable property contained in a city of 250,000 inhabitants, such a requirement would have necessitated *377 a record so cumbersome that it would have been practically impossible or at least absolutely unwieldy; and the law never requires impossibilities.
The statutes under consideration must have been thus construed by the assessors, whose minutes show that a quorum at least met daily from the first of January of each year until the assessment had been completed. These minutes also show what action was taken by the board on all proposed assessments in which applications had been made for reductions, or in which other objections had been made by the tax payers.
Such entries were necessary in the interest of the complaining parties in cases which would subsequently reach the courts, but similar entries were not required by law, and were not necessary in all assessments which involved no discussion, and in which the report of each particular assessor met with no opposition or objection. In the absence of proof to the contrary, the entry of such assessments in the assessment book kept for each assessment district, coupled with the fact that the rolls had been deposited in the proper office, must justify the presumption in law that such an entry was the act of the board. Act 96 of 1882, Secs. 35 and 36. But the minutes kept by the assessors are not entirely silent on the subject as argued by plaintiff.
At the end of each assessment year, and at the last meeting of the board for that year, the minutes contain an entry in the. following language or in words to the same effect, to-wit: “The assessment rolls of the several assessment districts in the parish of Orleans having been filed with the Recorder of Mortgages, * * * and there having no further business to transact, the meeting adjourned, subject to the call of the president.”
Such entries afford conclusive evidence of the fact that the entire assessment work was carried on under the supervision and control of the board, and that the assessment of each district had been subjected to its action within the requirements of the law.
We therefore conclude that there had been an assessment of plaintiff’s property for each of the years involved in his contest.
II.
His second complaint, which presents the alleged omission of an .examination of the property listed by the assessor of the district, *378 does not affect the existence vel non of the assessment, and is therefore a matter which could have been urged only by a timely recourse to judicial proceedings, preceded by a preliminary objection made to the Board of Assessors or standing committee on assessment of the city of New Orleans. Act 96 of 1882, Sec. 27; Act. 107 of 1884, Sec. 9; Act 98 of 1886, See. 27; Shattuck & Hoffman vs. New Orleans, 39 An. 206; State vs. V. & A. Meyer, 41 An. 436; Red River and Coast Line vs. Parker, 42 An. (not yet reported).
III.
The complaint that the assessment rolls were not legally authenticated does not either involve a radical defect, and it must therefore meet the same fate as the objection last disposed of. Act 96 of 1882, Secs. 35 and 36.
IV.
It is next.contended that as taxes on movable property must be collected in the same year in which the assessment is made, it follows that taxes levied on such property in the years 1884, 1885, 1886 and 1887 can not be enforced in the year 1888.
Such-an argument would tender a premium to tax resisters, and would soon strip the State of a very great part of her much needed revenue.
The reliance is on Art. 211 of the Constitution, which reads:
“ The tax shall be designated by the year in which it is collectible, and the tax on movable property shall be collected in the year in which the assessment is made.”
The object of this provision was to authorize the collection of taxes on movable property with more celerity than that of immovable property, in view of the more perishable character of the movable property, and of the facility with which such property may be removed, concealed or otherwise disposed of to the detriment of the State’s recourse thereon for the collection of her revenue.
But nothing in the article can be fairly invoked as the basis for an argument that such taxes are remitted or released if not collected as therein indicated. We are not disposed to consider plaintiff’s contention on this point as serious.
V.
The contention that some of the property assessed in plaintiff’s name was not owned exclusively by himself, but owneo. by himself *379 conjointly with others, involves only the correctness of the assessment, and can not be urged at this time.
VI.
The sixth ground of complaint affects the mode of collection adopted by the tax collector, and is likewise untenable. The fallacy consists in assimilating the seizure of a vessel for taxes due thereon to a proceeding in admiralty.
The right of the State to tax vessels is not contested, and it is settled that the right exists. Transportation Company vs. Wheeling, 99 U. S. 273.
Now, as contended for by plaintiff himself to be hereinafter considered, the tax on any kind of property must be enforced by seizure of the property on which the taxes are due (Const., Art. 210), itfol-' lows that a vessel on which a tax 'is due may be seized for such tax as any other kind of property, and by the same mode provided by law. Manifestly such a seizure can not be construed as a proceeding in rem, to be governed by admiralty rules of practice.
In the case of State vs. Judge Watts, 7 L. 440, it was held that an action for partition between the joint owners of a vessel was not an admiralty proceeding, a fortiori does it follow that the collection of a State tax levied on a vessel is not such a proceeding.
In the case of Avrill vs. Steamer Alabama Belle, 20 An. 432, the question now under discussion was considered, and on abundant authority the rule was formulated as follows: “The admiralty jurisdiction depends on the nature of the contract, and is limited to claims and services purely maritime, and touching rights and duties appertaining to commerce and navigation.”
The case of the Moses Taylor, 4 Wallace 411, which is the only authority invoked by plaintiff’s counsel in support of their contention on this branch of the controversy, involved the construction of a statute of the State of California, which purported to authorize State courts to entertain actions m rom in the enforcement of maritime contracts, and hence the statute was annulled to that extent by the Supreme Court of the United States. Hence they are stripped of all assistance from that source, and the conclusion is that the point can not be sustained.
VII.
But the next contention, which is their seventh point, is well founded. It is not contended on the part of the State that plaintiff, *380 the tax debtor, has parted with, concealed or disposed of any of the property assessed, which was all movable, and on which the taxes were due.
Now it appears from the record that the property assessed to plaintiff consisted of horses, mules and other animals, of carriages and vehicles, of stock in vessels, of money loaned, of money in hand, and of merchandise and stock in trade, and that the property seized by the tax collector consisted of contents of stores composed of fruits and of furniture, including a safe, and horses and vehicles, and by a separate seizure for the same taxes a certain vessel named the il Pizatti.”
It is therefore manifest that the seizure includes property other than that which had been assessed, and that the tax collector had made no effort to comply with the provisions of Sec. 54 of Act 85 of 1888, which would be his only authority for seizing property other than that which had been assessed, and on which taxes were due.
The question as presented here came up before this court in the case of V. & A. Meyer & Co. vs. tax collector, reported in the 41st Annual, page 440, in which it was said:
“ In this case the collector, having seized other property than that assessed, and having shown no effort to reach and seize the property assessed, has not brought his proceeding within the exceptional ease of the statute and was properly enjoined from proceeding therewith.”
Under the provisions of Art. 210 of the Constitution, as interpreted,by the Legislature in Sec. 54 of Act 85 of 1888, and following the judicial exposition of both in the decision just quoted, we feel impelled to hold that the seizure by the tax collector as made in this •case can not be sustained.
In justice to the District Judge who took a different view of this point of the controversy, we must state that our decision in the Meyer case was read on the same day that his judgment in this case was rendered, and that therefore he had had no opportunity of considering our conclusions on questions which are directly involved in both cases.
Our conclusions are therefore that the judgment of the District Judge correctly maintained the legality and binding effect of the various assessments complained of by plaintiff, and in overruling the ■objection to the mode of seizure of the vessel, as falling with the *381 rules of admiralty practice, but that it is erroneous in so far as it sustains the- seizure of property other than that which was assessed without compliance with the provisions of Sec. 54 of Act No. 85 of 1888.
The point made in argument that the State and parish taxes had not been extended upon each of the rolls to be delivered to the recorder, * * * has not been considered in this opinion for the reason that it had not been made in the pleadings.
It is therefore ordered, adjudged and decreed that the judgment appealed from be amended as follows:
The judgment is reversed in so far as it dissolves plaintiff’s injunction, which is hereby maintained on the ground of non-compliance by the tax collector with the provisions of Sec. 54 of Act 85 of 1888.
And 'it is ordered that in all other respects said judgment be affirmed at the costs of defendant on appeal.
Rehearing refused.